IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,947






EX PARTE VIRDIS BONNER, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM BOWIE COUNTY






 Per Curiam.



OPINION



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code of
Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).
Applicant was convicted of assault on a public servant and sentenced to ten years
imprisonment. Although Applicant attempted to appeal his conviction, his appeal was dismissed
as untimely. Bonner v. State, No. 06-02-00066-CR (Tex. App. -- Texarkana 2002, no pet.). 

 Applicant contends, among other things, that he was deprived of his right to appeal
because trial counsel failed to file a timely notice of appeal due to the ineffective assistance
of trial counsel. 

 After a review of the record, we find that Applicant is entitled to an out-of-time appeal
in cause number 96-F-0343-202 from the 202nd Judicial District Court of Bowie County,
Texas, because counsel rendered ineffective assistance. Jones v. State, 98 S.W.3d 700, 703
(Tex. Crim. App. 2003); Ex parte Axel, 757 S.W.2d 369, 373-74 (Tex. Crim. App. 1988). 
Applicant is ordered returned to that point in time at which he may give a written notice of
appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the
sentences had been imposed on the date that the mandate of this Court issues. We hold that
should Applicant desire to prosecute an appeal, he must take affirmative steps to see that a
written notice of appeal is given within thirty days after the mandate of this Court has issued. 
Applicant's remaining grounds for relief are dismissed. Ex parte Torres, 943 S.W.2d 469,
472 (Tex. Crim. App. 1997). 


DELIVERED: May 12, 2004

DO NOT PUBLISH